EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
THOMAS K. BUCK (Cal. Bar No. 70307)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989
    Facsimile: (213) 894-7819
    E-mail: tom.buck@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NADINE HAYS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. CV 12-8585 DMG(PJWx)<br><br>Hearing Date:  none scheduled<br>Hearing Time:  none scheduled<br>Ctrm:  none scheduled<br><br>Honorable Dolly M. Gee,<br>United States District Judge |

DEFENDANT UNITED STATES' OPPOSITION TO

PLAINTIFF'S MOTION TO REOPEN

In her motion of August 5, 2015, Plaintiff Nadine Hays seeks to reopen a 2012 complaint that the Court dismissed on February 14, 2013 for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA") (28 U.S.C. §§ 1346(b), 2671 - 2680). Plaintiff's motion to reopen fails because her alleged exhaustion of administrative remedies occurred after the she had filed her complaint and thus does not satisfy the FTCA's administrative remedy requirement.

In McNeil v.United States, 508 U.S. 106, 113 S.Ct. 1980 (1993) a unanimous Supreme Court held that the FTCA's administrative remedies requirement must be exhausted before commencing suit and that the petitioner, McNeil, could not rely upon exhaustion occurring after commencing his suit. Id., at 110-113; see Sparrow v.United States Postal Service, 825 F.Supp. 252 (E.D.CA 1993) (relying upon McNeil in holding that the jurisdictional flaw of filing an FTCA complaint before the exhaustion of administrative remedies could not be cured by amending the complaint and that, therefore, it was necessary for Plaintiff to file a new complaint.)

Plaintiff argues that this Court dismissed her 2012 complaint without prejudice and that she should therefore be permitted to reopen. However, as discussed above, reopening is precluded by the FTCA's administrative remedy requirement and the holding of McNeil.

Defendant United States respectfully submits that should deny Plaintiff's motion to reopen.

Dated: September 4, 2015          Respectfully submitted,

EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

  /s/ *Thomas K. Buck*
THOMAS K. BUCK
Assistant United States Attorney

Attorneys for Defendant
United States of America

1